Dear Messrs. Bockenkamp and Holt:
This is in response to your request for an official opinion on the following questions:
 "1. Is the Department of Mental Health headed by the Mental Health Commission or a director appointed by the Mental Health Commission?
 "2. Can the commission have funds appropriated to it which it would then allocate to various subparts or agencies of the Department of Mental Health?"
Furthermore, you have stated the following in your request:
 "The Governor in his executive budget has stated that the `Mental Health Commission is the statutory head of the Department of Mental Health.' He recommends that as the head of the department, certain financial resources be appropriated to the commission, and that the commission thereafter have the authority to allocate those funds consistent with the commission's strategic plans for the department."
The recommendation of the Governor is contained in an appropriation bill, House Bill No. 9, First Regular Session, 80th General Assembly. The particular section provides as follows:
 "Section 9.010. To the Department of Mental Health — Mental Health Commission For improved institutional care and treatment Personal Service and Expense and Equipment From General Revenue Fund . . . . . . $2,825,033."
Concerning your first question, Art. IV, § 37(a), of the Missouri Constitution explicitly provides that the Department of Mental Health shall be under the control of the Department director as follows:
 "The department of mental health shall be in charge of a director who shall be appointed by the commission, as provided by law, and by and with the advice and consent of the senate. The department shall provide treatment, care, education and training for persons suffering from mental illness or retardation, shall have administrative control of the state hospitals and other institutions and centers established for these purposes and shall administer such other programs as provided by law." (Emphasis added.)
During the first regular session of the 79th General Assembly in 1977, the legislature enacted House Bill 841, which repealed and reenacted § 202.035 to conform with the constitutional mandate in § 37(a), Art. IV. Section 202.035, RSMo Supp., 1977, provides as follows:
 "The head of the department of mental health shall be the director of the department who shall be appointed by the mental health commission, by and with the advice and consent of the senate. The director shall serve at the pleasure of the commission and his salary shall be set by the commission at an amount not to exceed $40,000 per year." (Emphasis added.)
In attorney general's opinion No. 161, dated April 4, 1974, to Harold P. Robb, M.D. (copy enclosed), we held that § 9.1 of the Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp., 1975, is unconstitutional to the extent that it attempts to make the Mental Health Commission the head of the Department of Mental Health. The provisions of § 202.035 as amended are in conformance with § 37(a) Art. IV of the Constitution. Thus, the statutory head of the Department is the Director.
As to your second question, the State Mental Health Commission was established by the Omnibus State Reorganization Act of 1974, § 9.2, Appendix B, RSMo Supp. 1975 which provides as follows:
 "On the effective date of this act a `state mental health commission', composed of seven members, shall be established and it shall be the successor to the former state mental health commission and it shall have all the powers, duties and responsibilities of the former commission."
In subsection 3 of § 9 of the Reorganization Act, the "powers, duties, and functions" assigned by law to the officials of the former division of mental health of the Department of Public Health and Welfare were transferred to the Department of Mental Health.
The "powers, duties, and functions" of the State Mental Health Commission are set forth as follows in subsection 6 of § 202.031, RSMo 1969:
 "6.(1) The commission shall advise the director of the [department] of mental health as to all phases of professional standards including patient care, training of personnel, establishment of treatment programs, obtaining adequate staffs, establishment of medical and statistical records and operation of practices in order that they may be compatible with professional requirements.
 "(2) The commission shall advise the director in the approval and guidance of research projects and distribution of research funds.
 "(3) The commission shall assist the director in establishing and maintaining the best possible practices in all mental health facilities."
Thus, as to any responsibility to staff and to operate the various facilities of the Department, the Commission has merely an advisory role as to what standards should be employed to obtain adequate staffs and establish professional practices under subdivision (1) of subsection 202.031.6. Furthermore, they are to"assist the director in establishing and maintaining . . .practices" in the facilities under subdivision (3) of the subsection. Under the Constitution and applicable statute, they do not have any active or primary function to allocate staff, expenses, and equipment to the various facilities.
When subsection 6 of § 202.031 which provides that the Commission shall be advisory in nature is read in conjunction with § 37(a), Art. IV, of the Missouri Constitution and § 202.035, RSMo Supp. 1977, which provide that the Director of the department is in charge of the department, it is clear that the Director has the statutory duty and power to administer the department with advice and assistance from the Commission.
If the General Assembly in its appropriation bill were to adopt the recommendation of the Governor to appropriate $2,825,033 to the Mental Health Commission for it to use to improve institution-based care consistent with its strategic plans, the General Assembly would be attempting to modify the statutory duties, powers, and functions of the Commission as expressed in § 202.031, supra, to enable the commission to have administrative duties without statutory authority. It has been, and is, the holding of the courts of this State and the holding of this office that the legislature cannot legislate in an appropriations act. State ex rel Davis v. Smith, 75 S.W.2d 828,830 (Mo. banc 1934); State ex rel Gaines v. Canada, 113 S.W.2d 783,790 (Mo. banc 1938), reversed on other grounds 305 U.S. 337; Attorney General's Opinion 152, dated March 27, 1974, to Alfred C. Sikes, and Attorney General's Opinion 401, dated August 27, 1971, to Donald L. Manford.
In Opinion No. 10 to I.T. Bode, Director of the Missouri Conservation Commission, June 11, 1953, a copy of which is enclosed, this office stated:
 "The law is well established in this State that the General Assembly cannot legislate by an appropriation act. Legislation of a general character cannot be included in an appropriation bill. To do so would violate the provisions of the Constitution of Missouri, namely, section 23, Art. III, . . . which . . . reads:
 `No bill shall contain more than one subject which shall be clearly expressed in its title, except bills enacted under the third exception in section 37 of this article and general appropriation bills, which may embrace the various subjects and accounts for which monies are appropriated.'"
Consequently, it is our opinion that if the legislature were to adopt the Governor's recommendation to appropriate money to the Commission for it to spend in its discretion, the appropriation would be invalid as an attempt to legislate in an appropriations bill.
We do not believe that it is necessary to rule at this time whether the legislature could enact a statute which would authorize the Mental Health Commission to spend money appropriated to such Commission for operational purposes of the Department of Mental Health in view of the provisions of § 37(a), Art. IV of the Constitution.
CONCLUSIONS
It is the opinion of this office that the Department of Mental Health is headed by the Director of the Department and the legislature cannot appropriate money to the Mental Health Commission for the Commission to allocate to various facilities of the Department of Mental Health.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Reginald H. Turnbull.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 161 4-4-74, Robb
 Op. No. 152 3-27-74, Sikes
 Op. No. 401 8-27-71, Manford
 Op. No. 10 6-11-53, Bode